Ewa C. Dawson [WSB #7-6108]
Senior Assistant Attorney General
Samuel Williams [WSB #7-5725]
Assistant Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming 82002
(307) 777-5547
(307) 777-8920 Facsimile
ewa.dawson@wyo.gov
sam.williams@wyo.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| ANDREW J. JOHNSON, an individual,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CITY OF CHEYENNE, a municipal  )<br>corporation; DOE 1, the personal  )<br>representative of the decedent's estate  )<br>of George W. Stanford, an individual;  )<br>ALAN W. SPENCER, an individual;  )<br>DOES 2 through 20, inclusive,  )<br>)<br>Defendants.  ) | Case No: 17-CV-74-S |
| ANDREW J. JOHNSON,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>TOWN OF CHEYENNE, a governmental  )<br>Entity, DON PIERSON, Chief of Police  )<br>for the Cheyenne Police Department,  )<br>Cheyenne Police Detective BILL  )<br>STANFORD, and the CHEYENNE  )<br>POLICE DEPARTMENT,  )<br>)<br>Defendants.  ) | Case No: 91-CV-129-CAB |

| | |
|---|---|
| ANDREW J. JOHNSON, | ) |
|    Plaintiff, | ) |
|       v. | ) Case No: 92-CV-183-CAB |
| ALAN W. SPENCER | ) |
|    Defendant. | ) |

### DEFENDANTS ALAN W. SPENCER AND ESTATE OF GEORGE W. STANFORD'S MOTION TO RENEW DEFENDANTS' MOTION TO DISMISS CASE NO: 17-CV-74-S

Defendant Alan W. Spencer and the Estate of George W. Stanford (Estate) in their individual capacities, by and through their undersigned counsel, respectfully renew their motions to dismiss the Plaintiff's Complaint and Demand for Jury Trial [ECF No. 1], with prejudice. [ECF Nos. 17, 18, 28, 35, 45, 46]. In support thereof, Defendants submit the following:

1. In April 2017, Johnson filed his third § 1983 case against the City of Cheyenne, the Estate, and Officer Spencer (2017 action). [ECF No. 1].[1] Johnson alleged the Defendants withheld exculpatory photographs of the scene, fabricated evidence, and failed to properly train the detectives and officers involved in the criminal case. [*Id*. at 23–34].

---

[1] Johnson filed the first case on May 21, 1991 (1991 action) against Detective Bill Stanford, Chief of Police Don Pierson, and the City of Cheyenne. [ECF Nos. 23-1, 23-2]. Johnson filed the second case, naming only Officer Alan Spencer, on August 18, 1992 (1992 action). [ECF No. 60-5].

2. The Defendants moved to dismiss the 2017 case.

3. Officer Spencer moved to dismiss the Plaintiff's claims against him on the grounds of *res judicata,* absolute immunity, failure to state a claim, and qualified immunity. [ECF Nos. 17, 18]. Officer Spencer also joined in Defendant City of Cheyenne's (City) Motion to Dismiss, [ECF Nos. 22, 23, 28].

4. The Estate also moved to dismiss claims against Detective Stanford on the grounds of this Court's lack of subject matter jurisdiction over the Estate, *res judicata,* absolute immunity, failure to state a claim, and qualified immunity, [ECF Nos. 45, 46].

5. This Court agreed with the Defendants' *res judicata* arguments that Johnson's 1991 and 1992 cases precluded Johnson's claims and dismissed the 2017 action. [ECF No. 48]. Although the Court noted that Defendants raised other bases for dismissal of Plaintiff's claims against them, the Court has not yet ruled on them. [ECF No. 48].

6. Following this Court's dismissal, Johnson filed his first motion under Rule 60(b)(4) and (6) in which he sought relief from the orders dismissing all three of his cases against Defendants. [ECF No. 50–51]. This Court denied relief under Rule 60(b)(6). [ECF No. 81 at 14–15].

7. Johnson appealed this Court's dismissal. *Johnson v. Spencer*, 950 F.3d 680, 687–88 (10th Cir. 2020). He also appealed this Court's denial of his Rule 60(b) motion related to the 1991 and 1992 cases, but not the denial of the motion regarding the 2017 case. *Id*. at 703 n.7.

8. The Tenth Circuit affirmed this Court's dismissal of the 2017 claims against the City of Cheyenne and Detective Stanford, holding that the 1991 case had a preclusive effect on the 2017 claims. *Id*. at 709–14. It reversed this Court's dismissal of the 2017 claims against Officer Spencer, holding the 1992 case was not decided "on the merits" and, therefore, did not preclude the 2017 claim against Officer Spencer. *Id*. at 716–20. Without expressing a view as to whether Johnson was entitled to relief, the Tenth Circuit reversed this Court's denial of Johnson's motion for relief from the judgments in the 1991 and 1992 cases under Rule 60(b)(6). *Id*. at 699–703.

9. After the Tenth Circuit remanded the cases, Johnson filed a second motion under Rule 60(b)(6) seeking relief from the orders dismissing his cases in 1991 and 1992. [ECF Nos. 111, 118]. He also sought relief from the order dismissing his 2017 claims based on *res judicata* and the order denying his prior motion for relief under Rule 60(b)(6). (*Id*.).

10. Defendants filed a response. [ECF No. 119].

11. Ultimately, the Court granted Plaintiff's *Motion to Set Aside Judgments Under Rule 60(b)(6)* (ECF No. 111) and set aside the judgments in the 1991 and 1992 actions. The Court also vacated the Court's Order granting Defendants' motion to dismiss. (ECF No. 122).

12. Since the Court relied upon *res judicata* to dismiss the Plaintiff's claims and has not considered and denied Defendants' other arguments in support of their motions to dismiss, Officer Spencer and the Estate now ask this Court to rule on the remaining arguments and dismiss Plaintiff's claims. While the City has represented during conferences among counsel that the City does not believe any additional filing is necessary

at this point because the City has a motion to dismiss on file that raises issues the Court has not ruled on that are ripe for the Court's decision, Officer Spencer and the Estate, out of the abundance of caution, file this motion to explicitly renew their motions to dismiss, [ECF Nos. 17, 18, 28, 35, 45, 46].

WHEREFORE, Defendant Spencer and the Estate move this Court to dismiss Plaintiff's Complaint for the remaining reasons set forth in their pending Motions to Dismiss.

**DATED** this 27th day of May, 2020.

/s/ Samuel Williams
Samuel Williams [#7-5725]
Assistant Attorney General

/s/ Ewa Dawson
Ewa Dawson [#7-6108]
Senior Assistant Attorney General

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing was filed using the CM/ECF system on the 27th day of May, 2020, and a copy was sent *via* email to the following individuals:

Aaron John Lyttle
alyttle@lrw-law.com

Bradley L Booke
brad.booke@lawbooke.com

Elliot H Scherker
scherkere@gtlaw.com

Jon Mark Stewart
mark@davisandcannon.com

Laurence O Masson
lomlex@gmail.com

Norman Ray Giles
norman.giles@lewisbrisbois.com

Robert P Schuster
bob@bobschuster.com

Thomas N Long
tlong@lrw-law.com

William S Helfand
bill.helfand@lewisbrisbois.com

            /s/ Heather Hunter
            Heather Hunter, Paralegal
            Office of the Wyoming Attorney General